UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JAMES BARKSDALE,
    Plaintiff,

v.                                          07-CV-3059

ROGER WALKER, et.al.,
    Defendants.

## Order

    The plaintiff is civilly detained in the Illinois Department of Human Services' Detention and Treatment Facility in Rushville, Illinois.

    The plaintiff seeks leave to proceed *in forma pauperis*. 28 U.S.C. Section 1915(a)(1) gives the court the discretion to allow an indigent plaintiff to commence an action without prepaying fees or giving security. "This privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649 (7th Cir. 1972). Cases proceeding *in forma pauperis* must be dismissed if the court determines the allegation of poverty is untrue, or if the court determines that an action is frivolous, malicious or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2). There is no point in granting an *in forma pauperis* petition only to dismiss the entire case for failure to state a claim. Accordingly, the court grants leave to proceed *in forma pauperis* only for federally cognizable claims.

    In determining whether the complaint states a claim, the court liberally construes the plaintiff's allegations, accepting them as true. *Haines v. Kerner*, 404 U.S. 519 (1972). The court will deny leave to proceed in forma pauperis only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines*, 404 U.S. at 521.

    The plaintiff has filed his lawsuit pursuant to 42 U.S.C.§1983 against five defendants. While the plaintiff is currently at Rushville, his lawsuit concerns problems he had at Dixon Correctional Center. It also appears that the plaintiff filed this lawsuit while he resided at Rushville. The defendants include Illinois Department of Corrections Director Roger Walker, Librarian C. O'Neal, Dr. Jacqueline Buck and Personal Property Officers Seeley and Perry. The plaintiff does not state whether he intends to sue the defendants in their official and/or individual capacities.

    The plaintiff says on February 16, 2006, he learned that he would be paroled from the Illinois Department of Corrections in the near future. The plaintiff says he had five boxes

1

containing various legal documents that were in the custody of the Dixon Correctional Center Librarian. The documents included various items in an ongoing criminal case including trial transcripts, police records and other information. Each box had a "lock-seal." (Plain Comp, Ex. B)

On February 22, 2006, the plaintiff learned his boxes had been moved to the prison's personal property room and the seals had been broken. The plaintiff says all of the materials had been removed and placed in cardboard boxes "out of my presence and without my consent." *Id.* The plaintiff said he began to make requests for his boxes, but the boxes were not returned to him while he was in Dixon Correctional Center. The plaintiff says the boxes contained over $5,000 in court documents.

The plaintiff says on March 13, 2006, he signed his parole release papers and was told the next day that his legal boxes would be held for 30 days, but if no one came to pick them up during this time, the boxes would be destroyed. On March 15, 2006, the plaintiff was transferred to Chicago and then to the Illinois Department of Human Services' Detention and Treatment Facility in Rushville, Illinois. The plaintiff apparently did not receive his boxes and also appears to be claiming that the defendants have altered his documents and are using them in the on-going criminal matter.

The plaintiff is asking the court to return the documents that were seized. The plaintiff is also asking for "discovery to learn what actual documents are being used today in the two court proceedings in Cook County." (Comp., p. 7) Finally, the plaintiff is asking for punitive and compensatory damages.

The court must deny the plaintiff's motion to proceed *in forma pauperis* and dismiss the plaintiff's case because he has failed to allege a violation of his constitutional rights. First, the plaintiff cannot ask this court to order discovery in another pending case. This court has no jurisdiction over the plaintiff's pending criminal claims. Any concerns about the use of altered documents must be addressed to the court which is considering those documents. Second, the plaintiff is not claiming that he has been denied access to the courts and is unable to litigate his claim. In fact, the plaintiff states that he is in the midst of litigation on his claims. Finally, the plaintiff has not stated a due process claim based on the loss or destruction of his legal materials since he has an adequate post-deprivation remedy in state court. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1432 (7th Cir. 1995).

The plaintiff "can make no rational argument in law or fact to support his claim for relief." *Jones v Morris,* 777 F.2d 1277, 1279-1280 (7th Cir. 1985). Therefore the court must deny the motion to proceed *in forma pauperis* and dismiss the plaintiff's complaint.

**IT IS THEREFORE ORDERED that:**

    **1) The plaintiff's motion for leave to proceed *in forma pauperis* is denied pursuant to 28 U.S.C.§1915. [d/e 1]**

2) **The case is dismissed in its entirety pursuant to 28 U.S.C. §1915(d)(2) for failure to state a claim upon which relief can be granted.  The case is terminated without prejudice.**

3) **The plaintiff is responsible for ensuring that the $350 filing fee is paid to the clerk of the court even though his case has been dismissed**.

4) **The plaintiff is ordered to notify the clerk of the court of a change of address and phone number within seven days of such change.**

Entered this 30th day of April, 2007.

s\Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE