UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JAMES BARKSDALE,
    Plaintiff,

v.                                                                                                 07-CV-3059

ROGER WALKER, et.al.,
    Defendants.

### Order

This cause is before the court for consideration of the plaintiff's motion to reconsider the April 30, 2007 Court Order dismissing his case for failure to state a claim upon which relief can be granted. [d/e 7]

A post-judgment motion seeking substantive relief from a judgment must be made pursuant to either Rule 59 or Rule 60(b) of the Federal Rules of Civil Procedure. Rule 59(e) motions to alter or amend the judgment must be filed within ten business days of the entry of judgment. *Hope v. United States*, 43 F.3d 1140, 1143 (7th Cir. 1994), cert. denied, 115 S.Ct. 2558 (1995). The plaintiff did not file his motion within this time frame. Therefore, the court will consider the plaintiff's motion as motion pursuant to Rule 60 of the Federal Rules of Civil Procedure.

A motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b) "permits a party to seek relief from judgment on the grounds of mistake, inadvertence, excusable neglect, newly discovered evidence, and fraud." *American Federation of Grain Millers, Local 24 v. Cargill Inc.*, 15 F.3d 726, 728 (7th Cir. 1994). Such relief is warranted "only upon a showing of extraordinary circumstances that create a substantial danger that the underlying judgment was unjust." *Margoles v. Johns,* 798 F.2d 1069, 1073 (7th Cir. 1986).

The plaintiff originally filed his lawsuit pursuant to 42 U.S.C.§1983 against five defendants at the Dixon Correctional Center. The plaintiff said he had five boxes containing various legal documents such as trial transcripts, police records and other information relating to an ongoing criminal case. Each box had a "lock-seal." (Plain Comp, Ex. B)

The plaintiff says after he learned that he was about to be paroled, he discovered that his boxes had been moved out of the personal property room and the seals had been broken. The plaintiff alleged that all of the materials had been removed and placed in cardboard boxes without his consent. The plaintiff said he began to make requests for his boxes, but the boxes were not returned to him while he was in Dixon Correctional Center

The plaintiff asked the court to order the return of his documents, for discovery concerning the use of the documents in another case, and for damages. The court found that the

plaintiff had failed to state a violation of his constitutional rights. *See* April 30, 2007 Court Order

The plaintiff has now filed a motion to reconsider stating that he did not have access to federal case law or statutes in order to state a constitutional claim in his complaint.  The plaintiff now appears to be attempting to state an equal protection claim based on the fact that the defendants broke the seal on his property boxes and then took his property without his consent. The plaintiff has failed to adequately state an equal protection claim, but more importantly, the plaintiff cannot state a new claim in a motion to reconsider.  The motion is denied.

**IT IS THEREFORE ORDERED that the plaintiff's motion to reconsider the April 30, 2007 court order dismissing his case is denied. [d/e 7].**

Entered this 1st day of April, 2008.

s\Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE